**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Mark Anthony Robles, Jr., | No. CV-18-02795-PHX-DJH |
| Plaintiff, | **ORDER** |
| v. | |
| City of Tolleson, | |
| Defendant. | |

The issue is before the Court following Defendant City of Tolleson's (the "City") Notice of Removal (Doc. 1). Pro se Plaintiff Mark A. Robles filed a complaint in Superior Court on July 27, 2018. (Doc. 1-1). The City filed a Motion to Dismiss or, in the Alternative, for More Definite Statement[1] on September 6, 2018. (Doc. 6). Robles has failed to file a responsive memorandum[2] which has been noticed by the City, as the time to respond has expired. (Doc. 11).

**I.    Background**

Robles accepted an offer of employment from the City as a Library Coordinator on

---

[1] A party may "move for a more definite statement of a pleading" where the original pleading "is so vague or ambiguous that a party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). While Robles' Complaint may be scattered, the City's reasoned sixteen-page response evidences its ability to "reasonably prepare a response" and therefore precludes the grant of an Order for a more definite statement.

[2] Robles filed a responsive memorandum with the Superior Court four days after he was required to file such response with this Court. (Doc. 11 at 1-2). The Court recognizes that "such non-compliance may be deemed a consent to the . . . granting of the motion and the Court may dispose of the motion summarily." LRCiv 7.2(i). While the Court could properly grant the City's Motion summarily, in an abundance of caution, the Court will address the Motion's merits.

1  December 28, 2016.  (Doc. 1-1, Ex. 3 at 2-3).  The offer letter made clear that it was "not

2  a contract of employment, either express or implied" and that Robles' "employment with

3  the City [was] initially at-will and either [he] or the City may terminate the relationship at

4  any time."  (*Id.* at 3).  Among other things, as Tolleson City Library Coordinator, Robles

5  was "responsible for planning and executing library programs[;] . . . . providing customer

6  service at the circulation desk; processing library materials; conducting descriptive

7  cataloging, classification, coding and processing of print and audio-visual material; and

8  assisting with billing."  (*Id.* at 1).

9         The issues with Robles' employment began in June 2017.  Robles claims that on

10  June 6, 2017, he lodged a "verbal complaint with the Assistant City Manager, John Lopez

11  concerning ongoing bullying and intimidation . . . along with issues concerning false

12  reporting of statistical information to the State."  (Doc. 1-1, Ex. 1 at 1).  On July 20, 2017,

13  Robles provided a medical inquiry form as part of a request for reasonable accommodation

14  which he submitted to the City's Human Resources department.  (*See id.*; Doc. 1-1, Ex. 6

15  at 2).  Robles allegedly requested affirmative permission to use the restroom "for as long

16  as an hour at a time, unplanned, and perhaps even multiple times during the day."  (Doc.

17  1-1, Ex. 6 at 3).  The record shows that Robles had kidney stones.  (*Id.*)  In response to a

18  request, Robles' medical provider confirmed to City Human Resources that his "condition

19  [was] not one that substantially limit[ed him] in any major life activities, and confirm[ed]

20  that there are no job functions [he was] unable to perform."  (*Id.* at 2).  One week later, on

21  July 27, 2017, the City terminated Robles' employment.  (*Id.* at 3).

22         In terminating Robles, the City explained that his requested use of the bathroom

23  "would not be a reasonable accommodation even if [he] had a disability that is covered by

24  the ADA."  (*Id.*)  The City claimed that the issue was not whether Robles could perform

25  the essential functions of his job—as it stated he had proven he could—but instead "that

26  [he] refuse[d] to perform, or [was] avoiding performing the duties that [were] required of

27  [him]."  (*Id.*)

28         On December 26, 2017, Robles filed a charge with the Division of Civil Rights

Section of the Arizona Attorney General alleging employment discrimination. (Doc. 1-1, Ex. 1 at 2). He then emailed a notice of claim to Wendy Jackson, the City's HR Manager, on July 10, 2018. (Doc. 1-1, Ex. 1 at 1). On July 27, 2018, Robles filed his Complaint.

**II.     Procedure**

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint. *Ileto v. Glock, Inc*., 349 F.3d 1191, 1199-1200 (9th Cir. 2003). A complaint must contain a "short and plain statement showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "All that is required are sufficient allegations to put defendants fairly on notice of the claims against them." *McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). The Rule 8 standard reflects a presumption against rejecting complaints for failure to state a claim and, therefore, motions seeking such relief are disfavored and rarely granted. *Gilligan v. Jamco Dev. Corp*., 108 F.3d 246, 248-49 (9th Cir. 1997). Rule 8, however, requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

A complaint need not contain detailed factual allegations to avoid a Rule 12(b)(6) dismissal; it simply must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S., at 570. "A complaint has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S., at 678 (citing *Twombly*, 550 U.S., at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant has acted unlawfully." *Iqbal*, 556 U.S., at 678 (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (citation omitted).

In addition, the Court must interpret the facts alleged in the complaint in the light most favorable to the plaintiff, while also accepting all well-pleaded factual allegations as true. *Shwarz v. United States*, 234 F.3d 428, 435 (9th Cir. 2000). That rule does not apply,

1   however, to legal conclusions. *Iqbal*, 556 U.S., at 678. A complaint that provides "labels

2   and conclusions" or "a formulaic recitation of the elements of a cause of action will not

3   do." *Twombly*, 550 U.S., at 555. Nor will a complaint suffice if it presents nothing more

4   than "naked assertions" without "further factual enhancement." *Id*. at 557.

5   **III.    Discussion**

6          The clarity of Robles' arguments is complicated by the disorganization of his

7   Complaint. Robles' claims appear intermixed between two sections of attached material

8   within his Complaint. (Doc. 1-1 at 6-8). Under the "Statement of Facts and Breach"

9   heading, he lists "**4) Discrimination**" (with subheadings for Retaliation, Medical

10  Discrimination, and Gender Discrimination), "**5) Wrongful Termination**," "**6) Breach of**

11  **Contract**," "**7) Defamation**," "**8) Invasion of Privacy**," "**9) Whistle Blowing**," and "**10)**

12  **Harassment**." (*Id.* at 6-7) (emphasis in original). Under the "Applicable Law Supportting

13  [sic] Claims" heading, he lists:

14          **Claim 1**) ARS 41-9 Title VII of the Civil Rights Act of 1964
           **Claim 2**) Occupational Safety and Health Act (OSH Act), Section 11(c)
15          United States Department of Labor
           **Claim 3**) America Disabilities Act of 1990
16          **Claim 5**)[3] ARS 23-1501-A.2 Protection from retaliatory discharge
17          **Claim 6**) ARS 38-3-A.9 Disclosure of information by public employees
           **Claim 7**) ARS 13-4439 Right to Leave Work
18          **Claim 8**) ARS 23-425 Employee discharge or discrimination
19          **Claim 9**) ARS 20-445 Defamation
           **Claim 10**) ARS 13-2921 Harassment
20

21  (*Id.* at 8) (emphasis in original). Notably, the claims listed under Applicable Law

22  Supporting Claims do not relate numerically to what appear to be claims listed under the

23  Statement of Facts and Breach heading. For clarity, the Court's analysis separates his

24  federal from his state claims. Furthermore, it addresses apparently related claims together

25  and only those for which Robles has provided factual allegations.[4]

26  ────────────────────

27  [3] There is no Claim 4).

28  [4] A mere of listing statutes that may apply falls well short of *Twombly*'s requirement that
    the plaintiff plead "enough facts to state a claim to relief that is plausible on its face."
    *Twombly*, 550 U.S., at 570. Listing statutes is more akin to "labels and conclusions" and

- 4 -

**A. Federal Claims**

Robles' has broken his discrimination claim into three subcategories: Retaliation, Medical Discrimination, and Gender Discrimination. (Doc. 1-1 at 8). The Court will first address his medical and gender discrimination claims. The retaliation claim, although grouped by Robles with his medical and gender discrimination claims, will be addressed later in conjunction with his other state law claims.

*i. Medical Discrimination*

Without providing facts to support his assertion, Robles claims that his firing was "retaliation due to City of Tolleson having discovered Plaintiffs [sic] medical condition" and the Plaintiff "having made this ADA request." (Doc. 1-1 at 6). The ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability." 42 U.S.C. § 12112(a) (2018). To establish a prima facie case, a plaintiff must show "that (1) she is a disabled person within the meaning of the ADA; (2) she is a qualified individual, meaning she can perform the essential functions of her job; and (3) [the employer] terminated her because of her disability." *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999). The ADA defines "disability" as "a physical or mental impairment that substantially limits one or more major life activities of such individual." § 12102(1)(A). Here, Robles failed to establish that he had a disability within the meaning of the ADA and that the City terminated him because of his disability.

First, Robles pleads no facts to establish that he had a disability within the meaning of the ADA. The closest he comes to pleading such facts consists solely of a reference to a time when the Assistant City Manager was "mentioning Plaintiff [sic] medical issues." (Doc. 1-1 at 6). Without facts pleaded to establish the existence of his disability, the Court is left to infer from Robles' exhibits that he "had a medical condition, kidney stones, which required use of the bathroom," but which his medical provider confirmed was "not [a condition] that substantially limit[ed him] in any major life activities." (Doc. 1-1, Ex. 6 at 2-3). Because Robles did not plead facts to show that he had a condition that substantially

---

"will not do." *Id.* at 555. For the foregoing reason, the Court need not address Claims 2, 6, 7, or 8 listed under the Applicable Law Supporting Claims heading.

- 5 -

limited him in any major life activities, the Court finds that Robles was not disabled within the meaning of the ADA.

Second, assuming *arguendo* that Robles had established a disability within the meaning of the ADA, he failed to plead "factual content that allows the court to draw the reasonable inference that" the City terminated him because of his disability. *Iqbal*, 556 U.S., at 678 (citations omitted). Robles states that "no other library employees have been fired for taking contracted medical leave," but never actually claims that this was the reason he was terminated. (Doc. 1-1 at 6). He instead alleges "retaliation due to City of Tolleson having discovered Plaintiffs [sic] medical condition and [that he was] retaliated against for having made this ADA request." (*Id.*) Such allegations—without well-pleaded facts to support them—do not rise above "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S., at 555. Furthermore, Robles' own exhibits evidence the City's reason for his termination: that he "refuse[d] to perform, or [was] avoiding performing the duties that [were] required of [him]." (Doc. 1-1, Ex. 6 at 3). Therefore, Robles has failed to establish a prima facie case of disability discrimination.

### ii. Gender Discrimination

Robles claims he was the subject of gender discrimination, presumably under Title VII of the Civil Rights act of 1964[5] as it appears in 42 U.S.C. § 2000e-2, pleading that the "[l]ibrary only had female employees after [he] was terminated" and that he was the "only male that worked in the library department at the time." (Doc. 1-1 at 6).

Under Title VII, a plaintiff may establish a prima facie discrimination claim by showing either direct evidence of discriminatory intent or by establishing that "(1) she belongs to a protected class; (2) she was qualified for the position; (3) she was subjected to an adverse employment action; and (4) similarly situated men were treated more

[5] Robles Complaint lists "**Claim 1**) ARS 41-9 Title VII of the Civil Rights Act of 1964." To the extent he also intends to make a claim under A.R.S. § 41-1463, the Court notes that "[t]he Arizona Civil Rights Act is modeled after and generally identical to the federal statute in the area. . . ." *Higdon v. Evergreen Int'l Airlines, Inc.*, 673 P.3d 907, 909 n.3 (Ariz. 1983). Because the Arizona Supreme Court "find[s] federal Title VII case law persuasive in the interpretation of our Civil Rights Act," the Court's analysis will focus on Title VII case law. *Id.*; *see also Smith v. ITT Corp.*, 918 F. Supp. 304, 307 n.1 (D. Ariz. 1995).

favorably, or her position was filled by a man." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1062 (9th Cir. 2002); *see also McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). To directly prove discriminatory animus, the evidence, if believed, should not require inference or presumption. *Vasquez v. City of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). "Individuals are similarly situated when they have similar jobs and display similar conduct." *Id.* at 641. The jobs in question need not be identical, but they must be similar "in all material respects." *Moran v. Selig*, 447 F.3d 748, 755 (9th Cir. 2006).

Robles bases his claim solely on the fact that he was the only male working in the City library at the time and that the library employed only female employees after his termination. Such a fact, alone, does not even hint at correlation, let alone causation. Robles did not plead any facts, nor has he provided other evidence to give rise to a reasonable inference that he was discriminated against because of his gender. Interpreting the facts of the Complaint in the light most favorable to Robles, the Court finds that his claim for gender discrimination is no "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S., at 678. Thus, he has failed to state a plausible claim to relief for either medical or gender discrimination.

### B. State Claims

Robles' state claims[6] are barred by his failure to comply with Arizona's statutory notice of claim requirements. *See* A.R.S. § 12-821.01(A) (West, Westlaw through 2019 Legis. Sess.). Before bringing his claim, Robles was required to (1) file a claim with the person authorized to receive service on behalf of the City (2) within 180 days after the accrual of his cause of action stating both (3) facts sufficient to allow the City to understand the basis of liability and (4) a specific amount upon which he would settle the claim. *Id.* Robles' notice of claim failed to satisfy at least two of the required elements.[7]

---

[6] Robles' remaining state claims are: breach of contract, defamation, invasion of privacy, wrongful termination, whistle blowing, harassment and protection from retaliation.

[7] While the Defendant advances the argument that Robles served the incorrect person, the Court need not evaluate this argument because he clearly fails the other required elements of timeliness and proposed settlement amount.

Robles' cause of action accrued on July 27, 2017—the date he was terminated. *See* § 12-821.01(B). He filed his notice of claim with the City on July 10, 2018. (Doc. 1-1, Ex. 1 at 1). The difference between these two dates is 348 days. Therefore, Robles was 168 days late in the filing of his notice of claim. This failure is fatal to his state law claims. *Falcon ex rel. Sandoval v. Maricopa Cty.*, 144 P.3d 1254, 1256 (Ariz. 2006) ("If a notice of claim is not properly filed within the statutory time limit, a plaintiff's claim is barred by statute.").

Even if Robles' notice of claim had been timely per A.R.S. § 12-821.01(A), he neglected to provide *any* amount for settlement and, thus, also failed to satisfy the statutory requirement to provide "a specific amount for which the claim can be settled." (*See* Doc. 1-1, Ex. 1 at 1). Therefore, the Court finds that Robles' state claims are barred. *Yahweh v. City of Phoenix*, 400 P.3d 445, 447 (Ariz. Ct. App. 2017) ("The claim is barred if the claimant fails to present a valid settlement offer to the public entity he or she wishes to sue.") (citing *Deer Valley Unified Sch. Dist. No. 97 v. Houser*, 152 P.3d 490, 493 (Ariz. 2007)).

## IV. Conclusion

Robles' action against the City cannot be sustained for reasons both procedural and substantive. The Court finds that Robles failed to comply with the Local Rules of this Court, failed to plead sufficient facts to support his claims, and failed to give statutorily-required notice of his claims to the City.

Accordingly,

**IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 6) is **GRANTED**.

**IT IS FURTHER ORDERED** directing the Clerk of Court to terminate this action.

Dated this 13th day of March, 2019.

Honorable Diane J. Humetewa
United States District Judge